a Memorandum. — In the winter vacation, to wit: on the 19th day of January, 1841, the Honorable Richard H. Bayard having been elected to the Senate of the United States, resigned his office of chief justice of this State; and the Honorable James Booth, of New Castle, was appointed in his place on the 12th of March, 1841, and took his seat at the commencement of this term.
This was an action of trespass. The record showed a trial by referees, and a report "that the defendant is indebted to the plaintiff on the above complaint the sum of four dollars: and nine dollars and six cents cost of suit." The entry of judgment was as follows; "judgment rendered the 26th of December, 1840. M. Tindal;" and the marginal note stated the amount of the judgment and of the costs to be the same as in the report.
It also appeared from the record, that Curtis Turner, negro, had been summoned as a witness by the plaintiff below, and his fees for attendance were taxed in the bill of costs.
The exceptions were to the sufficiency of the judgment entry; and that improper evidence had been heard; that it was not competent to examine a negro witness on a trial between a white man and negro.
The justice can render no other judgment on the report of referees than such as is warranted by the report. The inference, therefore, on this entry would be, that the judgment was according *Page 317 
to the report; and this inference is confirmed by the marginal entry, which may be resorted to for this purpose. (Moore et al
vs. Lunncy. ante 28; and Booth vs. Jump, 2 Harr.Rep. 461.) Negro testimony is always received in the courts of our State, in cases between negroes or against a negro. It is not competent to this defendant to object to such testimony; nor does it appear conclusively from the reecrd that the witness, Turner, was in fact examined.
 Judgment affirmed.